IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **BUAS SANDS HOTEL, LLC** <br> 9 North Baltimore Avenue <br> Ocean City, Maryland 21842 | * <br><br> * | CIVIL CASE NO.: _____ |
| Plaintiff | * | |
| v. | * | |
| **LIBERTY MUTUAL INSURANCE COMPANY** <br> 175 Berkeley Street <br> Boston, Massachusetts 02117 | * <br><br> * | |
| <u>Serve: Resident Agent</u> <br> Maryland Insurance Administration <br> 200 St. Paul Place, Suite 2700 <br> Baltimore, Maryland  21202 | * <br><br> * <br><br> * | |
| Defendant | * | |

## COMPLAINT

This is a suit by Buas Sands Hotel, LLC upon payment and performance bonds issued by Liberty Mutual Insurance Company to assure the faithful performance of a construction contract by Harkins Contracting, Inc.("Harkins") and the payment by Harkins to its subcontractors, all related to construction of a hotel for Buas Sands Hotel, LLC in Fenwick Island, DE.

## PARTIES

1. **BUAS SANDS HOTEL, LLC** ("Sands Hotel") is a Delaware Limited Liability Company with a principal place of business in Ocean City, Maryland. The managing member of the LLC is Spiro Buas ("Buas").

2. **LIBERTY MUTUAL INSURANCE COMPANY** ("Liberty Mutual") is a Massachusetts corporation with a principal place of business in Boston, Massachusetts. Liberty Mutual is a multiline mutual insurance carrier which carries on a regular insurance business in

this state. Liberty Mutual sells surety insurance as that term is defined in Maryland Code, Insurance § 1-101 (OO) and is a licensed and approved insurer in this state. Liberty Mutual engages in and carries on a business in this state.

## VENUE AND JURISDICTION

3. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original diversity jurisdiction over the subject matter of this Complaint and the underlying contract claims as the value of the mattes in controversy exceed $75,000, exclusive of interest and costs, and the action is between citizens of different states.

## FACTS COMMON TO ALL COUNTS

4. On or about April 18, 2019, Buas Sands Hotel, LLC entered into a construction contract with Harkins Contracting, Inc., pursuant to the terms of which, Harkins agreed to build a hotel for Sands Hotel for the fixed price sum of Eight Million, Five Hundred and Seventy-Five Thousand dollars ($8,575,000.00). To ensure Harkins' faithful performance of the construction contract and the timely payment of all subcontractors, Sands Hotel required Harkins to post Performance and Payment bonds. On May 22, 2019, Liberty Mutual issued a Performance Bond, and a Payment Bond, each in the prime contract amount of Eight Million Five-Hundred and Seventy-Five Thousand dollars (8,575,000.00). Copies of the bonds are attached hereto as **Exhibit Nos. 1 and 2.**

5. Under the terms of the construction contract, Harkins was to have substantially completed the project in Three Hundred and Sixty-Five (365) days from the start date, plus any additional days added due to change orders and/or weather delays.

6. In the construction contract, the parties agreed that all disputes between them would initially be decided by the project Architect, subject to the later right of either party to demand arbitration of contested issues. Substantial completion of the project was to have been achieved on or before April 28, 2020, after adding eight additional days to the time due to

weather delays and other changes. The contract contained a liquidated damages provision wherein Harkins agreed to pay Sands Hotel liquidated damages in the amount of $2,500.00 per day for each day beyond the scheduled completion date where substantial completion had not been achieved.

7. During the course of the construction, Harkins submitted Applications for Payment to the Architect who would approve, modify, or reject the Application based upon his review of the contract and the work performed to date. In July of 2020, the Architect approved and certified the amount of $202,500.00 as liquated damages assessed against Harkins for delay. Harkins stopped paying subcontractors in full and issued partial payments to some.

8. Substantial Completion was defined in the contract as the issuance of a final Certificate of Occupancy by the Town of Fenwick Island. That Certificate was finally issued on September 22, 2020. Shortly after the issuance, Harkins essentially abandoned the project.

9. Harkins' failure to pay subcontractors resulted in most of those tradesmen refusing to complete their work. Additionally, access codes and passwords to critical systems, such as the HVAC, continue to be withheld from Sands Hotel by both Harkins and its subcontractors, despite repeated demands from Sands. Warranties, instructional booklets and operational requirements for equipment, lighting and other integral components of the hotel have not been provided.

10. Under Article 3 of the Performance Bond issued by Liberty Mutual, Sands Hotel was required to notify, and did timely notify, both Liberty Mutual and Harkins of its intent to declare a default. Thereafter, Sands Hotel formally terminated the construction contract, providing notice of such to both Harkins and Liberty Mutual and affirmed to Liberty Mutual its agreement to apply any remaining amounts owed to Harkins to complete the construction project. After delay damages were assessed by the Architect, there are monies due to Sands

Hotel from Harkins and monies remaining under the contract are insufficient to complete the contract work.

11.     Harkins' failure to pay its subcontractors caused many of them to file suit against Harkins and to file mechanic's lien actions against Sands Hotel. Harkins, as well, has filed a mechanic's lien action and all such actions remain pending in State court.

12. Sands Hotel has been forced to hire counsel to defend the actions and has incurred significant expense.

13. Sands Hotel has satisfied all of its obligations under both the performance bond and the payment bond

## COUNT ONE
(Breach of Contract – Performance Bond)

Sands Hotel sues Liberty Mutual and for a first cause of action against it states as follows:

14.     Plaintiff incorporates herein by reference all of the allegations of Paragraphs 1 through 13 above as fully as if said allegations had been repeated at length herein.

15.     At all times relevant hereto, Sands Hotel complied with the terms and conditions of the Performance Bond (Ex. No.1) and satisfied all preconditions (Paragraph 3) to performance by Liberty Mutual.

16.     Under and pursuant to the terms of the Performance Bond, Liberty Mutual is required, pursuant to Paragraph 5 of the Performance Bond, to promptly and at its expense, arrange for the completion of the project in accordance with the terms of Paragraph 5 of the Performance Bond.

17.     Demand has been made upon Liberty Mutual in accordance with the Bond provisions. Despite demand, Liberty Mutual has failed and refused to perform thereby breaching the terms and provisions of its surety agreement.

18. As a direct and proximate result of its failure to perform, Sands Hotel has sustained and continues to sustain damages in excess of the retainage held under the contract. Sands Hotel's damages include, but are not limited to, liquidated damages due pursuant to the contract with Harkins, cost to complete damages, cost of defense of subcontractor mechanic's liens actions, and cost of repair and correction of faulty workmanship by Harkins.

WHEREFORE, Sands Hotel demands damages from Liberty Mutual in the amount of Nine-Hundred and Fifty Thousand Dollars ($950,000.00) together with interest, costs and attorneys' fees.

## COUNT II
(Breach of Contract – Payment Bond)

Sands Hotel sues Liberty Mutual and for a second cause of action, states as follows:

19. Sands Hotel incorporates herein by reference all of the allegations contained in paragraphs 1 through 18 above as fully as if repeated at length herein.

20. At all times relevant hereto, Sands Hotel complied with the terms and conditions of the Payment Bond (Ex. No.2) and satisfied all preconditions (Section 3) to performance by Liberty Mutual.

21. Under and pursuant to the terms of the Payment Bond, Liberty Mutual is required, to timely respond to claimants who have filed claims with the surety and to investigate and notify claimants as to amounts which are undisputedly due to the subcontractors.

22. In addition to the above, Liberty Mutual is required, at its expense, to defend, indemnify and hold Sands Hotel harmless from all duly tendered claims, liens, demands or suits.

23. Despite demand, Liberty Mutual has failed to pay subcontractors who have submitted claims in accordance with the bond or to notify same of disputed amounts. Liberty Mutual has failed and refused to defend or indemnify Sands Hotel in the numerous mechanic's lien actions filed against it.

24. As a direct and proximate result of its failure to perform, Sands Hotel has sustained and continues to sustain damages in excess of the retainage held under the contract. Sands Hotel's damages include, but are not the cost of defense of subcontractor mechanic's liens actions, and indemnification of Sands Hotel from those claims.

WHEREFORE, Sands Hotel demands damages from Liberty Mutual in the amount of Nine-Hundred and Fifty Thousand Dollars ($950,000.00) together with interest, costs, and attorneys' fees.

Date: May 1⁄, 2021

James L. Otway, Esquire
(Federal Bar #22717)
jotway@hbpalaw.com

Amy L. Taylor, Esquire
(Federal Bar #18425)
ataylor@hbpalaw.com

HEARNE & BAILEY, P.C.
126 East Main Street
Salisbury, Maryland 21801
Telephone 410-749-5144
Facsimile 410-749-8273
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I CERTIFY that the attached submission does not contain any restricted information or, if it does contain restricted information, a redacted submission has been filed contemporaneously pursuant to Rule 20-201(f)(2).

James L. Otway, Esquire